UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: ) Bankruptcy Case
) No. 05-64571-fra7
RUSSELL P. ENGLE and )
SYBIL W. ENGLE, )
) MEMORANDUM OPINION
Debtors. )

Sewell Properties, LLC, has filed a proof of claim [No. 60] in the sum of $76,100.00. The basis of the claim is the Debtors' personal guarantee of a lease of commercial property. The Debtors have filed an objection to the claim. The matter was heard on May 17, 2006, at Medford, Oregon. Having considered the evidence and testimony presented by the parties, I conclude that the objection to claim should be denied and the claim allowed in the amount of $84,000.

I. FACTS

In October 2002, the claimant's predecessor in interest agreed to lease real property in Medford, Oregon to the Sybil W. Engle Trust. The lease provided for a portion of the building on the subject property, consisting of a 2,500 square foot shop and an 800 square foot office, and

Page 1 - MEMORANDUM OPINION

the surrounding unpaved parking area.  The lease was drawn for ten years, and provided for rent of $7,000 per month, triple net.

The subject properties were thereafter acquired by the claimant, which succeeded as lessor.  As a condition of the sale, the claimant required that the Debtors personally guarantee payment of the rent reserved under the lease.

On or about January 9, 2005, claimant was contacted by the Debtors, who advised that they were closing their business.  Rent payments ended at that point.  The Debtors surrendered possession of the property on or about January 20th.  The property was left in what the claimant's principal described as "pretty good shape," although three to four weeks were required to complete clean-up in order to re-let the property.  The claimant immediately entered into a listing agreement with an established real estate office in Medford.  The agents then undertook to list the property, and show it to prospective tenants.  The shop was re-let in August 2005 for two years at $2,700 per month, with an option to renew.

Sewell Properties claims that it is entitled to the same amount it would claim from the lessee itself, that is, one year's rent from the date of the petition, or $84,000.  The claim is reduced by $13,500, the rent received from the new tenant.  An additional claim of $5,600 was withdrawn at the hearing.

The Debtors argue that the claim should be denied in its entirety for the reason that the claimant failed to mitigate its damages as required by Oregon law. Debtors rely on Pacific General Electric v. Hershiser, et al., 86 Or.Ap. 40, 738 P.2d 593 (1987) and U.S. Bank v.

Page 2 - MEMORANDUM OPINION

Homeland, Inc., 291 Or. 374, 631 P.2d 761 (1981).

## II. DISCUSSION

### Amount of Claim

11 U.S.C. § 502(b)(6) provides that a lessor's claim for rent is capped at the greater of (1) one year's lease payments, or (2) 15%, not to exceed three years, of the remaining lease term. The cap operates from the earlier of (a) "the date on which [the] lessor repossessed, or the lessee surrendered, the lease property," or (b) the petition filing date. A claim for any unpaid rent owing at the earlier of the two dates is also retained. "This language reflects Congress' intent to limit lease termination claims to prevent landlords from receiving a windfall over other creditors." Sheldon H. Lolow v. PPI Enterprises, Inc. (In re PPI Enterprises, Inc.), 324 F.3d 197 (3d Cir. 2003)(internal citation omitted).

"The landlord retains a duty to mitigate the tenant's breach, but any mitigation of damages secured by re-letting the premises will offset only the landlord's overall potential recovery, and does not affect the § 502(b)(6) cap." Id. at 208, n.17 (internal citation omitted). See also Rancho Bernardo Limited Partnership v. First Alliance Corp. (In re First Alliance Corp.), 140 B.R. 531 (BAP 9th Cir. 1992)("Post-petition payments have no relevance to a claim for rejection or breach of the pre-bankruptcy lease agreement" under Code § 502(b)(6)).

The lessee surrendered the property to the landlord/claimant in January 2005. The personal guarantee provides that the guarantee shall apply for a period of two years from the effective date of the guarantee (July 28, 2004). Exh. B, ¶ 6. The guarantee therefore by its own terms

Page 3 - MEMORANDUM OPINION

expires on July 28, 2006. While the claim against the lessee may be for unpaid rent through the end of the lease period (i.e September 30, 2012), less mitigation amounts, the debtors are responsible only for the amount due through July 2006: 19 months at $7,000, or $133,000, less any amount paid in mitigation during this period. The property was re-let in August 2005 at $2,700 per month, meaning that $32,400 was paid in mitigation during the period of the personal guarantee (12 x $2,700). The total claim against Debtors is therefore $100,600 ($133,000 - $32,400), limited by § 502(b)(6) to $84,000 (12 x $7000).

### Mitigation of Damages

Debtors argue that the claim should be denied because the claimant failed to mitigate its damages. The Oregon Supreme Court held in <u>United States National Bank of Oregon v. Homeland, Inc.</u> at 380-381 that, while a "lessor has a duty to make a reasonable effort to mitigate damages by finding a suitable tenant,". . . the "mere acceptance and re-letting of the surrendered premises does not release the tenant from contractual liability for breach of contract." The Oregon Court of Appeals elaborated on this by holding that "the lessor not only has a duty to mitigate, it also has the burden to prove that it made a reasonable effort to find a suitable tenant . . . ." <u>Portland General Electric v. Hershiser et al.</u> at 44.

I find, based on the evidence and testimony presented, that the claimant has met its burden to prove that it made a reasonable effort to mitigate damages. It immediately entered into an agreement with an established real estate firm which undertook to list the property and show it to prospective tenants. While no evidence was presented as to

Page 4 - MEMORANDUM OPINION

fair market rental value of the property, one can assume that the real estate firm and the lessor, absent evidence to the contrary, sought the terms most advantageous to the lessor. The claimant acted reasonably and expeditiously in mitigating its damages.

### III. CONCLUSION

Code § 502(b) provides that if an objection to a claim is made, the court shall determine the amount of such claim as of the bankruptcy filing date. For the foregoing reasons, I find that the claim should be allowed in the amount of $84,000. An order to that effect will be entered.

*[signature]*

FRANK R. ALLEY, III
Bankruptcy Judge